**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TANIA VANESSA ORTIZ-CHAVEZ
A-Number: 246-058-110,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01182 JLT SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 11)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 28, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted in part and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 11.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The parties filed timely objections. (Docs. 12, 13.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the parties' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Of note, Petitioner objects that "this is not a bond hearing case" (Doc. 12 at 2) but fails to appreciate

1

that, as the magistrate judge explained, she did not challenge the statutory basis on which Respondents re-detained her:  8 U.S.C. § 1225(b). Nor does Petitioner challenge Respondents' contention that individuals in Petitioner's circumstances must be detained pending completion of their removal proceedings. (*See* Doc. 11 at 8 n.6.) Regardless, the Court agrees with the magistrate judge that "unreasonably prolonged mandatory detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." (Doc. 11 at 9.) Because Petitioner has been detained continuously for approximately 11 months, a bond hearing is required.[1]

Accordingly, the Court **ORDERS**:

1.   The findings and recommendations issued on April 28, 2026 (Doc. 11) are **ADOPTED IN FULL**.

2.   The petition for writ of habeas corpus is **GRANTED** on Count 3 and **DENIED** on all other counts.

3.   Within **14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4.   Prior to the bond hearing, the Petitioner **SHALL** receive at least 72 hours-notice of the scheduled hearing, **SHALL** have the right to be represented by counsel at the hearing

---

[1] The Court notes that even if Petitioner had challenged the statutory basis for her detention and the Court found her detention was instead governed by 8 U.S.C. § 1226(a), a bond hearing would likely have been the remedy ordered by the Court anyway. Respondents received notice that Petitioner was the subject of a foreign arrest warrant. (*See* Doc. 9 at 7.) Though Petitioner contends that information is stale and/or incorrect (*see* Doc. 12), the appropriate forum for Petitioner to present those arguments is the immigration court.

and **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, Respondents **SHALL** ensure that counsel receives at least 72 hours-notice of the scheduled hearing

5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 13, 2026**

UNITED STATES DISTRICT JUDGE

3