**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANIA VANESSA ORTIZ-CHAVEZ, | Case No. 1:26-cv-01182-JLT-SAB |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; AND DIRECTING RESPONDENTS TO PROVDE NEW SUBSTANATIVE BOND HEARING |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | |
| | (Doc. 16) |
| Respondents. | |

**I.     INTRODUCTION**

Before this Court is a motion by Tania Vanessa Ortiz-Chavez to enforce this Court's May 13, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an immigration judge. (Doc. 16.) For the reasons set forth below, the Court **GRANTS** the motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

This Court has summarized the factual and procedural history behind this action in previous orders and incorporates that by reference here. (*See* Docs. 11, 14.) On May 13, 2026, this Court adopted the findings and recommendations issued by the assigned magistrate judge in this case to grant Petitioner's petition for writ of habeas corpus and order Respondents to provide Petitioner with an individual bond hearing at which Respondents bear the burden of proof by

1

clear and convincing evidence to show that Petitioner's detention is warranted.[1] (Doc. 14 at 2.) Furthermore, this Court ordered that if Petitioner is represented by counsel, and that counsel has filed an appearance in the immigration proceedings, Respondents must ensure that counsel receives at least 72 hours-notice of the scheduled hearing. (*Id.* at 3.)

On May 27, 2026, Petitioner appeared *pro se* at a bond hearing held before Immigration Judge Susan Phan, who determined that Respondents had met their burden to prove that Petitioner's continued detention was justified based on flight risk. (*See* Digital Audio Recording ("DAR").) The IJ cited the following factors in support of her finding that Petitioner represented a significant flight risk: (1) Petitioner's international arrest warrant from El Salvador for the crime of extortion; (2) Petitioner's failure to address the arrest warrant until recently, despite being in the United States for a significant period of time; (3) Petitioner's failure to file taxes during the entirety of her time in the United States; (4) Petitioner's lack of immediate family with status, other than her U.S. citizen children; (5) the fact that the IJ was unable to question her sponsor; and (6) Petitioner's order of removal to El Salvador. (DAR at 23:50 – 27:16.)

On June 3, 2026, Petitioner filed an emergency motion to enforce, alleging that Petitioner was not provided a bond hearing within the fourteen-day timeframe mandated by this Court's prior order. (*See generally,* Doc. 16.) In response to a Minute Order issued by this Court (Doc. 17), Respondents informed the Court that Petitioner did in fact receive a bond hearing pursuant to this Court's order on May 27, 2026. (Doc. 18 at 1.) Respondents also submitted a Notice of Custody Redetermination Hearing served on Petitioner on May 15, 2026, which shows Petitioner

---

[1] The relevant part of this Court's May 14, 2026, order reads as follows:

> Within **14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

(Doc. 14 at 2.)

was provided notice of the hearing in excessive of 72-hours. (Doc. 18 at 4.) On June 5, 2026, the Court issued another Minute Order directing Petitioner to file a notice addressing why the pending emergency motion to enforce judgement should not be denied as moot given that Petitioner had in fact received a bond hearing. (Doc. 19.) That same day, Petitioner responded and argued that the motion was not moot, given that Respondents violated this Court's order by not providing counsel for Petitioner, Robert G. Cummings, at least 72-hours' notice of the bond hearing. (Doc. 20 at 3.) On June 10, 2026, Respondents provided the Court with (1) a digital audio recording of the May 27, 2026, bond hearing and (2) all the documents submitted as part of the bond hearing. (Doc. 23.) Furthermore, Respondents informed the Court that no Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28)[2] was on file for the bond hearing before the immigration court. (*Id*. at 1.)

The next day, Respondents filed an additional supplement to the record, which indicated that a Form EOIR-28 was filed by a different attorney in Petitioner's removal case file, which covered representation of Petitioner in all removal proceedings (including bonds hearings). (Doc. 24 at 4-6.) Respondents conceded that the Executive Officer of Immigration Review ("EOIR") staff "may have inadvertently failed to realize that Petitioner was represented by an immigration attorney in all proceedings before the Immigration Court and consequently inadvertently failed to notify the immigration attorney who represented Petitioner to attend Petitioner's court-ordered

---

[2] To represent an alien before the EOIR, the attorney must file a notice of appearance (Form EOIR-28). Immigration Court Practice Manual, ch. 5.3(a), reads:

> (a)    Appearance Before the Immigration Court – To perform the functions of, and become the practitioner of record, a practitioner must file a properly completed Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28). A practitioner of record is authorized and required to appear on behalf of a respondent/applicant, to file all documents on behalf of a respondent/applicant, and to accept service of process of all documents filed in the proceedings. A properly completed and filed Form EOIR-28 provides a practitioner with access to the record of proceedings during the course of proceedings. An alien is considered to be represented for the proceeding in which a Form EOIR-28 has been properly completed, filed and accepted.

*See* C.F.R. §§ 1003.17, 1292.4, 1292.5(a). Immigration Court Practice Manual, ch. 5.3(f) provides, "After a practitioner has filed a Form EOIR-28 or Form EOIR-27 and has become the practitioner of record, all filings and communications to the immigration court or the Board must be submitted through the practitioner of record in accordance with EOIR filing policies."

bond hearing." (*Id*. at 1.)

### III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

### IV.    ANALYSIS[3]

It is clear from the record that, due to an inadvertent communication failure by EOIR staff, Respondents violated this Court's order by failing to provide at least 72-hours' notice of the

---

[3] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

scheduled hearing to counsel who filed an appearance in the immigration proceedings.[4] As a result of this apparent administrative oversight, Petitioner appeared *pro se* at her bond hearing, where she was not advised of her right to counsel, was not asked if she intended to proceed *pro se*, and was not given an opportunity to withdraw without prejudice and request an additional hearing in which her attorney could be present. (*See* DAR.) Furthermore, Petitioner herself noted in the bond hearing that she had not received notice of the bond hearing and was unable to present witnesses and evidence in response to the IJ's inquiries. (DAR at 22:25.) The Court finds that the appropriate remedy in this case is to order Respondents to provide Petitioner with a new bond hearing that complies with this Court's order. Accordingly, the Court **ORDERS**:

1. Petitioner's motion to enforce the Court's prior order (Doc. 16) is **GRANTED**.

2. Within **14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Prior to the bond hearing, the Petitioner **SHALL** receive at least 72 hours-notice of the scheduled hearing, **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, Respondents **SHALL** ensure that

---

[4] The Court is aware that Petitioner's counsel in her habeas proceedings, Robert G. Cummings, did not file a Form EOIR-28 with the immigration court. (*See* Doc. 23, 24.) Consequently, EOIR was not aware that he represented Petitioner in her custody proceeding and therefore did not inform Mr. Cummings of the bond hearing. To the extent Mr. Cummings alleges that Respondents violated this Court's notice requirement as applied to him, the Court rejects such an argument and cautions Mr. Cummings against recasting his own shortcomings in representation as evidence of Respondents' non-compliance.

counsel receives at least 72 hours-notice of the scheduled hearing.

4.      Respondents **SHALL** file a report with the Court confirming that counsel for Petitioner has received at least 72 hours-notice of the scheduled hearing.

IT IS SO ORDERED.

Dated:   **June 18, 2026**

_____
UNITED STATES DISTRICT JUDGE