**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANIA VANESSA ORTIZ-CHAVEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-01182-JLT-SAB<br>ORDER FOR SUPPEMENTAL BRIEFING |

On June 18, 2026, this Court granted Petitioner's motion to enforce judgement and ordered Respondents to provide Petitioner with a second bond hearing at which Respondents bear the burden of proof by clear and convincing evidence to show that Petitioner's detention is warranted. (Doc. 25.) The Court concluded that "due to an inadvertent communication failure by EOIR staff, Respondents violated this Court's order by failing to provide at least 72-hours' notice of the scheduled hearing" to counsel in this matter, Robert G. Cummings. (*Id*. at 4-5.) Therefore, as part of its order, the Court directed Respondents to file a report confirming that counsel for petitioner has received at least 72 hours' notice of the scheduled bond hearing if her counsel has filed an appearance in the immigration proceeding. (*Id*. at 5.)

In a footnote, the Court noted that Mr. Cummings did not file a Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28) with the immigration court. (*Id*. at 5, fn. 4.) As a consequence, EOIR was not aware that he represented

Petitioner in her first bond hearing and therefore did not inform Mr. Cummings of the bond hearing. Although the Court granted the motion to enforce and provided Petitioner with a new bond hearing, the Court issued the following warning to Mr. Cummings in the order: "To the extent Mr. Cummings alleges that Respondents violated this Court's notice requirement as applied to him, the Court rejects such an argument and cautions Mr. Cummings against recasting his own shortcomings in representation as evidence of Respondents' non-compliance." (*Id.*)

On July 1, 2026, Respondents informed the Court that Petitioner's counsel received notice of the July 1, 2026, bond hearing on June 22, 2026. (Doc. 26.) However, the certificate of notice was not addressed to Mr. Cummings, but a different counsel representing Petitioner in her removal proceedings. (*Id*. at 3.) Petitioner was represented by this counsel for all purposes, including custody and bond, until the immigration court granted his motion to withdraw his representation on June 26, 2026. (Doc. 34-4 at 2-4.)

On July 2, 2026, Mr. Cummings informed the Court that he did not receive at least seventy-two hours' notice of the new bond hearing ordered by this Court on June 18, 2026. (Doc. 27 at 2.) On July 6, 2026, the Court ordered Mr. Cummings to provide the Court with documentary proof that he filed a Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28) to represent Petitioner in her second bond hearing by no later than July 8, 2026. (Doc. 28.) Mr. Cummings failed to respond by the required deadline of July 8, 2026, and the Court elected to take no further action in the matter, as the case was formally closed. (Doc. 29.)

Nearly three weeks later, on July 31, 2026, Mr. Cummings informed the Court that he filed a Form EOIR-28 on June 22, 2026, nine days before the July 1, 2026, bond hearing, but still did not receive proper notice of the bond hearing. (Doc. 30 at 2.) On August 3, 2026, the Court then ordered Respondents to provide the Court with the following materials: (1) a complete transcript or audio recording of the July 1, 2026, hearing before the immigration judge, (2) any documents or records related to Petitioner's counsel's Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28) in this matter, (3) any written notice of the July 1, 2026, bond hearing provided to Petitioner or Petitioner's counsel, and (4) any

other materials related to the immigration judge's written order. (Doc. 31.)

On August 10, 2026, Respondents provided the Court with the audio recording of the July 1, 2026, bond hearing. (Doc. 33.) Petitioner appeared at the hearing *pro se* and requested that the hearing be scheduled for another day so her attorney could be present. *See* Digital Audio Recording "DAR." The Immigration Judge allowed Petitioner to withdraw her request for the bond hearing without prejudice and allowed Petitioner to request an additional bond hearing pursuant to this Court's prior order. (*Id*.) On August 12, 2026, Respondents informed the Court that while Mr. Cummings did submit an EOIR-28, that form was rejected on June 23, 2026, and that no EOIR-28 has been re-filed for Mr. Cummings in Petitioner's custody redetermination proceedings. (Doc. 34; *See* EOIR Paralegal Decl.) Respondents surmises that Mr. Cumming's filing was rejected because Petitioner was already represented by a different counsel in her custody redetermination proceedings. (Doc. 34 at 1.)

At this point in time, the Court is prepared to order Respondents to provide Petitioner with a third bond hearing at which her counsel, Mr. Cummings, is present. However, the Court recognizes such an order at this point would be futile given that Mr. Cummings has not properly entered an appearance in Petitioner's custody redetermination proceedings. While the Court acknowledges that once again the failure by Respondents to provide Mr. Cummings notice of the July 1, 2026, bond hearing was a result of administrative complications at EOIR, the Court again cautions Mr. Cummings, given his failure to respond to this Court's order as well as his failure to be forthcoming regarding the rejection of his EOIR Form 28. This is not acceptable and causes delays not just for this Petitioner but for others as well because every minute this overburdened Court has spent unraveling the representation issues in this case is a minute it was unable to spend adjudicating the many hundreds of other habeas petitions pending before it.

Thus, **<u>no later than Monday, August 24, 2026</u>**, Mr. Cummings **SHALL** file a status report detailing the steps he has taken to successfully file a Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28). The Court warns that failure to comply in good faith with this order will result in an order to show cause re the imposition of monetary sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (Court

possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases); *Lasar v. Ford Motor Co*., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions “intended to be remedial by coercing the [party] to do what he had refused to do”).The Court will hold the merits of the Petition in abeyance pending review of that status report.

IT IS SO ORDERED.

Dated: _August 19, 2026_

UNITED STATES DISTRICT JUDGE